(July 9, 1968)

In the Matter of RICHARD LINCOLN, Respondent, v. SONIA LINCOLN, Appellant.

*Per Curiam.* In this proceeding to determine the custody of the three children of the parties, former spouses now divorced, the court awarded custody to the petitioner-father. We agree that upon the record no other disposition could have been made. For this reason we affirm despite the presence in the record of two errors, both procedural. The court interviewed the children in private and denied the application of respondent's counsel to be present. While the court may prevent counsel from participating in any way in the interview and, in fact, require him to remain silent, counsel is entitled to note the course of the interview (*Kesseler* v. *Kesseler,* 10 N Y 2d 445, 456). The purpose behind the provision is that in the event the interview develops any facts or contentions that would be inimical to the interests of counsel's client, he should have an opportunity to correct the impression created. The second error resulted from the misinterpretation of a concession made by petitioner's counsel during the direct examination of respondent. One of the specifications of unfitness of respondent to bring up the children was the claim that she changed residences at frequent intervals, thus preventing the children from establishing roots in any community. Explaining one of these moves, respondent contended that the house was uninhabitable during the winter and was testifying to her efforts to have it winterized. Counsel conceded that she had made such efforts. When she sought to explain subsequent moves, the court cut off the testimony on the mistaken ground that by virtue of the concession no issue on this ground remained in the case. Yet the court did make reference to the frequent moving in deciding against the respondent.

A majority of the court would reverse for these errors were it not for the proof contained in the reports of the Family Counseling Unit, a psychiatrist and a psychologist, all of which it was stipulated the court could receive in confidence. One of us is of the opinion that the testimony of respondent herself establishes overwhelmingly that the welfare of the infants mandates that custody be put where Trial Term directed.

The judgment should be affirmed, without costs and without disbursements.

McGIVERN, J. (dissenting). Although I recognize the seeming gravity of the undisclosed professional reports, I think it would have been more appropriate for the court to have at least suggested lines of inquiry through which the mother and her counsel could have addressed themselves. Nor do I deem this suggestion dissonant from the *Kesseler* case (10 N Y 2d 445 [1962]). Much the same suggestion was advanced by this tribunal in *Knapp* v. *Knapp* (21 A D 2d 761 [1964]).

Nor do I accept the view that "the testimony of respondent herself" mandates a wresting away of custody from a mother not found unfit on the record.

In any event, I cannot regard the "two errors" as simply procedural. The private interview of the children by the court, unacquiesced in by counsel, and the finding by the court on a matter the court had declared to be "not at issue," both merit a reversal and a remand.

Steuer, J. P., Capozzoli, Rabin and McNally, JJ., concur in *Per Curiam* opinion; McGivern, J., dissents in opinion.

Judgment affirmed, without costs or disbursements to either of the parties.